# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>JOSEPH LOUIS BAKER,<br><br>Defendant. | Case No. 2:17-cr-157-APG-NJK<br><br>**ORDER DENYING APPEAL OF MAGISTRATE JUDGE'S DETENTION ORDER**<br><br>(ECF No. 23) |

Defendant Joseph Baker appeals Magistrate Judge Ferenbach's order detaining him pending trial. ECF No. 23. The United States opposes. ECF No. 26. I have reviewed this matter *de novo*. I deny the appeal and affirm Magistrate Judge Ferenbach's order.

**A.** **Legal Standard**

A defendant may appeal an order of detention to the district court having original jurisdiction over the offense. 18 U.S.C. § 3145(b). The court reviews the Magistrate Judge's order *de novo*. *United States v. Koenig*, 912 F.2d 1190, 1192-93 (9th Cir.1990). The court "should review the evidence before the magistrate and make its own independent determination whether the magistrate's findings are correct, with no deference." *Id*. at 1193.

Under 18 U.S.C. § 3142(g), judges consider four factors in determining whether to detain or release a defendant: "(1) the nature and circumstances of the offense charged, including whether the offense is a crime of violence or involves a narcotic drug; (2) the weight of the evidence against the person; (3) the history and characteristics of the person; and (4) the nature and seriousness of the danger to any person or the community should the person be released." *United States v. Chen*, 820 F. Supp. 1205, 1207 (N.D. Cal. 1992).

**B.     Nature and Circumstances of Offense Charged**

Baker is charged with four felony offenses involving drugs and a weapon: two counts of distribution of methamphetamine, possession of methamphetamine with the intent to distribute it, and being a felon in possession of a firearm. ECF No. 1.  Baker faces significant prison time if convicted. *See United States v. Parodi*, No. CR-08-0083 PJH, 2008 WL 683421, at *2 (N.D. Cal. Mar. 7, 2008) (a "defendant's financial condition and the length of sentence he or she faces are of particular importance in assessing the risk of flight").

Given the crimes Baker is charged with, there is a rebuttable presumption that no condition or combination of conditions will reasonably assure Baker will appear as required and that the safety of the community will be protected. 18 U.S.C. § 3142(e)(3).  Baker has not rebutted this presumption.

**C.     Weight of Evidence Against Defendant**

This "is the least important of the various factors." *United States v. Motamedi*, 767 F.2d 1403, 1408 (9th Cir. 1985).  "Although the [bail reform] statute permits the court to consider the nature of the offense and the evidence of guilt, the statute neither requires nor permits a pretrial determination that the person is guilty." *Id.* (citations omitted).  The Government has demonstrated a significant amount of evidence supporting the charges against Baker.  He allegedly personally distributed methamphetamine to an informant, and a handgun (with an obliterated serial number) and a large amount of drugs (including methamphetamine, morphine and marijuana) were seized at Baker's residence pursuant to a search warrant. ECF No. 26 at 7-8; ECF No. 24 (audio recording of May 17, 2017 detention hearing).  Two children were present when the drugs and weapon were seized.  Baker's girlfriend allegedly corroborated some of the evidence in a statement to police. ECF No. 26-1.  This factor favors detention.

**D.    History and Characteristics of Defendant**

Under 18 U.S.C. § 3142(g)(3), courts may consider "the history and characteristics of the person, including his character, physical and mental condition, family ties, employment, financial resources, length of residence in the community, community ties, past conduct, history relating to

drug and alcohol abuse, criminal history, [and] record concerning appearance at court proceedings." *Motamedi*, 767 F.2d at 1407.

Baker has at least seven prior felony convictions and several misdemeanor convictions over the past 30 years. Most of those convictions involve drugs, weapons, or violence. He argues that most of those convictions are old, and he has not been arrested or convicted since 2009. However, he was incarcerated until 2012, so his time out of prison has not been long. He has a demonstrated proclivity to engage in drug-related acts like those at issue in this case. Factor three weighs against his release.

### E. Nature and Seriousness of Danger Posed by Defendant's Release

Baker's history of crimes involving drugs, weapons, and violence show that he is a danger to the community. The combination of a weapon (by a prohibited person) and a large amount of drugs increases that danger. The presence of children in close proximity to the drugs and gun exacerbates the problem. Release on a bond will not protect the public. Given that the drugs and weapon were seized from his residence, home detention would not help.

Baker has a history of failing to appear in court, his parole was revoked at least once, and he has been held in contempt. He has been unemployed for a significant period of time and he has limited financial ties to the community. He faces significant prison time if convicted. All of this demonstrates that there is a significant risk of nonappearance if he is released from custody.

### F. Conclusion.

Baker has not rebutted the presumption that no condition or combination of conditions will reasonably assure his appearance or the safety of the community. 18 U.S.C. § 3142(e)(3). I find by clear and convincing evidence that Baker is a danger to the community. I also find by a preponderance of the evidence that he is a flight risk. *Motamedi*, 767 F.2d at 1406. No condition or combination of conditions would reasonably protect the community against the risk of danger Baker poses or assure his appearance at future court proceedings.

/ / /

/ / /

Baker's appeal **(ECF No. 23) is denied**. Magistrate Judge Ferenbach's order of detention **(ECF No. 14) is affirmed.** Baker shall remain detained pending trial.

DATED this 2nd day of August, 2017.

_____
Andrew P. Gordon
UNITED STATES DISTRICT JUDGE